**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **GEORGAKIS CONSULTING, INC.,** | |
| Plaintiff, | |
| v. | Case No. 17 C 3919 |
| **SAM E. COHEN, and AMAZON CONSULTING EXPERTS, LLC.,** | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Defendant, Sam Cohen ("Cohen"), is a resident of New Jersey and as such is a citizen of New Jersey. Defendant Amazon Consulting Experts ("ACE"), is a New Jersey limited liability company with offices in New Jersey and as such is also a citizen of New Jersey. The Plaintiff, Georgakis Consulting Inc., is an Illinois Corporation with its principal place of business in Illinois. According to the Complaint, Cohen and ACE are in the business of offering consultation to clients who are desirous of selling goods on *Amazon.com* ("Amazon"). The Plaintiff is a client of ACE and engages in the sale of goods on Amazon. The Defendants maintain a website whereby they seek clients for their consulting business. The Defendants also offer their

clients the opportunity to purchase various types of goods to be sold on Amazon.

According to the Complaint, in 2015 the Plaintiff purchased an annual consulting and coaching membership from ACE for $5,000. This membership was renewed in 2016 for an additional $5,000. Plaintiff claims that the purchase of such membership created a fiduciary relationship between Plaintiff and Defendants. Pursuant to the membership, Defendants recommended that Plaintiff purchase various types of goods from ACE for resale on Amazon. Most, if not all, of the goods sold by Defendants to their customers are labeled, packaged and sent by Defendants to Amazon distribution centers. Thus, Plaintiff did not take delivery of or inspect the goods purchased from Defendants. According to the Complaint, Defendants sell identical merchandise on the internet at reduced prices, thus undercutting Plaintiff's ability to compete. Defendant also shipped goods that were defective, counterfeit, non-conforming and/or unsuitable for sale on Amazon. Thus, as a result, Plaintiff suffered damages.

Based on the forgoing, Plaintiff filed a three-count Complaint against Defendants alleging: (1) violation of the Consumer Fraud and Deceptive Practices Act (Count I); (2) breach of Fiduciary Duty (Count II); and (3) breach of Contract

(Count III). Defendants have moved to dismiss for lack of personal jurisdiction over both Defendants; lack of proper venue; dismissing Cohen for failure to plead a basis for piercing the corporate veil; failure to plead a plausible claim for violation of fiduciary duty; and failure to plead a plausible claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act. As an alternative, Defendants have moved to transfer the case to the District of New Jersey for venue purposes.

## II. <u>DISCUSSION</u>

In support of the Motion to Dismiss for Lack of Personal Jurisdiction the Defendants filed a declaration from the Defendant Sam Cohen. According to the declaration, ACE is in the business of providing e-commerce consulting services to new and existing third-party sellers on the Amazon digital marketplace. These services are limited to on-line merchandising, bookkeeping, shipping, pricing, and warehousing with Amazon. ACE also offers its clients purchase opportunities from manufacturers and national retailers from time to time. ACE does not solicit any member to make any purchase but leaves the responsibility to make purchase decisions and to conduct market evaluations to the client. ACE does not provide any fiduciary services. It does not hold, invest or manage assets

on behalf of its members. ACE's website is a uniform, nationwide site and not expressly aimed at Illinois. The Plaintiff is an Amazon third-party seller. In 2015, Plaintiff purchased a membership in Ace which it renewed in 2016. All of Cohen's interactions with Plaintiff were in his role as a corporate officer of ACE and not as an individual. None of the officers, directors or employees of ACE resides in Illinois. No corporate activities occur in Illinois. All of the goods purchased by Plaintiff as identified in the Complaint were shipped by ACE to an Amazon distribution center outside of Illinois and not to Illinois. The goods were reshipped to locations at Plaintiff's direction. Consulting services were initiated by Plaintiff with ACE in New Jersey through the ACE website, Facebook, or by email.

In response to the jurisdiction motion, Plaintiff filed the responses of Defendants to Plaintiff's Request to Admit, Plaintiff's Request to Produce, and Defendants' Answers to Plaintiff's Interrogatories on the issue of jurisdiction. Plaintiff did not file any declarations of its officers or employees and thus did not countermand any part of Cohen's declaration. In these discovery responses, Defendants admitted that ACE, and not Cohen, had consulting contracts with 11 specific clients including Plaintiff who were Illinois

residents. Illinois residents can sign up for membership with ACE (but not Cohen) by communicating with the ACE website. Cohen admitted to having a brief social visit with Plaintiff in connection with a speech Cohen made at the "eCom" Chicago 2015 Conference which occurred after Plaintiff had purchased its membership. Neither ACE nor Cohen has ever shipped any goods to Illinois residents. There were two communications between ACE and Illinois residents via the "contact portion of the ACE website."

The position of the Defendants is that neither of them has submitted to Illinois jurisdiction either general or specific. There are two types of personal jurisdiction: general (sometimes known as all-purpose jurisdiction and specific (sometimes called case-linked) jurisdiction. *Bristol-Meyers Squibb Co. v. Superior Court of California,* 137 S.Ct. 1773 (2017). The Paradigm forum for the exercise of general jurisdiction is an individual's domicile and for a corporation the place that can fairly be regarded as home, *i.e.,* where the corporation maintains its place of business. On the other hand, for specific jurisdiction, the suit must arise out of or relate to a defendant's contacts with the forum, *i.e.,* an activity that takes place in the forum state and is therefore subject to state regulation. *Id.* at 1779. When there is no such connection,

specific jurisdiction is lacking regardless of the extent of the defendant's unconnected activities in the state. *Id.,* citing *Goodyear Dunlop Tires v. Brown,* 131 S.Ct. 2846 (2011). The jurisdiction requirements must be met for each defendant over whom a state court seeks to exercise jurisdiction. *Rush v. Savchuk,* 100 S.Ct. 571 (1980).

While Plaintiff here does not specifically state whether it claims general or specific jurisdiction, the residence and domicile of the Defendants is clearly New Jersey which would be the only place where general jurisdiction could be exercised. Plaintiff instead suggests that jurisdiction is proper under the Illinois long-arm statute as it has pled causes of action for fraud, breach of fiduciary duty, and breach of contract in this state. However, *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272 (7th Cir. 1997), shows that this is not necessarily the case for these types of claims. The *RAR* court noted that only the dealings between the parties in regard to the disputed contract are relevant for specific jurisdiction analysis. The specific contract in question in *RAR* involved the plaintiff agreeing to buy four diesel engines in Scotland, contracting with Turner to locate the engines in Scotland, to dismantle and purchase various parts from the engines, and to pack the engines for transport to Detroit. Some of the parts were damaged during

shipment and plaintiff sued Turner in Illinois for breach of contract due to improper packing. The Seventh Circuit held that there was no specific jurisdiction because Turner's prior contacts with Illinois had nothing to do with the contract dispute in question. Turner's contractual obligation was to obtain parts in Scotland and to ship them to Detroit. Even though the parts would eventually end up in Illinois was deemed to be insufficient to establish specific jurisdiction.

Here the specific complaints that led to Plaintiff's suit were shipping alleged non-conforming goods from a source outside of Illinois to an Amazon distribution center for shipment to Plaintiff's customers and the undercutting Plaintiff's pricing. These specific complaints are set forth in paragraphs 14 through 18 in the Plaintiff's Complaint. According to Cohen's uncontradicted Declaration, ACE made these items available for purchase by Plaintiff to which Plaintiff availed itself. The products were not sent to Plaintiff in Illinois or anywhere other than to the Amazon Distribution Centers from where, presumably, the products were then reshipped by Amazon to Plaintiff's customers. Thus the gravamen of Plaintiff's Complaint is not related to the client consulting agreement but instead to the making of products available to Plaintiff for purchase and to then be sold by Plaintiff on Amazon.

Plaintiff also argues that Defendants by actively soliciting clients in Illinois (11 clients in 2015 and currently 5 clients in Illinois) indicates that they are submitting to jurisdiction "based on contractual relationships establishing transaction of business in Illinois." However this is directly contrary to the Supreme Court's statement in *Bristol-Myers* that "a defendant' relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Myers,* p. 1779 citing *Waldon v. Fiore,* 134 S.Ct. 1115, 1123 (2014).

The Court finds therefore that this court lacks personal jurisdiction over the Defendants, either general or specific. The Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(2) is granted.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss for Lack of Jurisdiction is granted.

Since the case has no jurisdiction the remaining bases for Defendants' Motion to Dismiss are denied as moot.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 1/24/2018